UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 0:14-CV-03175-PAM-BRT

| | |
|---|---|
| Brittany M. Mischel,<br><br>Plaintiff,<br><br>v.<br><br>CAB Asset Management, LLC, Everest Receivable Services, Inc., Multisource International, LLC, Diverse Funding Associates, LLC, C&E Acquisition Group, LLC and David J. Maczka,<br><br>Defendants. | **FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. This action arises out of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, by Defendants in their illegal efforts to collect a consumer debt.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and 47 U.S.C. § 227.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Brittany M. Mischel (hereinafter "Plaintiff") is a natural person who resides in the City of Saint Paul, County of Ramsey, State of Minnesota, and is a person effected by a violation of the FDCPA as described in 15 U.S.C. § 1692k(a), and a person effected by a violation of the TCPA.

5. Defendant CAB Asset Management, LLC (hereinafter "CAB") is a collection agency and foreign corporation with its principal place of business at 8725 Loch Raven Boulevard, Towson, Maryland 21286, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Everest Receivable Services, Inc. (hereinafter "Everest") is a collection agency and foreign corporation with its principal place of business at 352 Sonwil Drive, Cheektowaga, New York 14225, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Multisource International, LLC (hereinafter "Multisource") is a collection agency and foreign corporation with its principal place of business at 352 Sonwil Drive, Cheektowaga, New York 14225, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant Diverse Funding Associates, LLC (hereinafter "DFA") is a collection agency and foreign corporation with its principal place of business at

352 Sonwil Drive, Cheektowaga, New York 14225, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant C&E Acquisition Group, LLC (hereinafter "C&E") is a collection agency and foreign corporation with its principal place of business at 8725 Loch Raven Boulevard, Suite 205B, Towson, Maryland 21286, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant David J. Maczka (hereinafter "Maczka") is a natural person who was employed at all times relevant herein by Defendant CAB, Defendant Everest, Defendant Multisource, Defendant DFA and Defendant C&E, and who is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Upon well-grounded information and belief, Defendant CAB, Defendant Everest, Defendant Multisource, Defendant DFA, Defendant C&E and Defendant Maczka (collectively "Defendants") share a debt portfolio and/or all collect on the same consumer debt.

12. In this matter, Defendants continually called Plaintiff in an attempt to collect an alleged financial obligation that, upon information and belief, was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. This alleged debt was consigned, placed or otherwise transferred by the original creditor to Defendants for collection.

14. Upon well-grounded information and belief, Plaintiff never incurred the alleged debt that Defendants have attempted to collect in this matter.

15. Plaintiff has never had a contractual relationship with, or a financial obligation to, Defendants.

16. Yet, Defendants repeatedly called Plaintiff on her cellular telephone to collect this alleged debt in violation of the FDCPA and TCPA.

*Multiple Illegal Collection Calls to Plaintiff*

17. Sometime before July 2014, Defendants started to make collection calls to Plaintiff regarding this alleged debt, which were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

18. During one of these collection calls, on or around June 30, 2014, Defendants left a voicemail on Plaintiff's cellular telephone regarding this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

19. Defendants' June 30, 2014, voicemail on Plaintiff's cell phone stated as follows:

> Good Afternoon, my name is Alisha. The purpose of this call is to confirm location information for Tracy Mattson for the purposes of delivering a required notice. If you can confirm this information, please contact the office at 866-946-3740. If

you're unable to confirm the information, call the office back regardless. We'll update our records appropriately. Either way, please return the call. Again, the number is 866-946-3740.

20. Any caller that reaches Plaintiff's voicemail would hear her greeting, which clearly states that the phone number called belongs to "Brittany."

21. Moreover, pursuant to the FDCPA at 15 U.S.C. § 1692b, a debt collector is only permitted to call a third party to confirm or correct location information and, without the consent of that person, they are not allowed to communicate with that person more than once.

22. However, Defendants continued to call Plaintiff on her cell phone in their attempts to collect this alleged debt and in violation of the FDCPA.

23. Defendants' June 30, 2014, voicemail also failed to conform to the allowable communications with third parties under the FDCPA by requesting a call back from Plaintiff and by stating that they had a "required notice" for Tracy Mattson.

24. Defendants' voicemail and the continued calls to Plaintiff were made in violation of the FDCPA at 15 U.S.C. §§ 1692d, 1692d(5), and 1692d(6).

25. The next day, on or about July 1, 2014, Plaintiff returned the call to Defendants and spoke with Defendants' collection agent, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

26. During this July 1, 2014, collection call, Defendants' collection agent explained to Plaintiff that they had a required notice for a Tracy Mattson.

27. Plaintiff then asked that Defendants stop calling her and the call ended shortly thereafter.

28. Again, Defendants' collector failed to conform to the allowable communications with third parties by stating that they had a "required notice" for Tracy Mattson, in violation of the FDCPA.

29. Moreover, despite Plaintiff's request for Defendants to stop calling, and despite the FDCPA's limitation on communicating with third parties, and despite the fact that Plaintiff's voicemail greeting alerts a caller that the called number is "Brittany's" phone, Defendants continued with several more phone calls to Plaintiff's cell phone.

30. Defendants also falsely and deceptively misled Plaintiff by asking Plaintiff to return their call so they could update their records appropriately, but then by failing to update their records and continuing to call Plaintiff.

31. Defendants have continually called Plaintiff's cellular telephone with the intent to annoy and harass her, in further violation of the FDCPA at 15 U.S.C. § 1692d(5).

32. Plaintiff was angered and frustrated that Defendants continued to contact her on her cell phone for a debt that she does not owe.

33. Defendants' repeated phone calls and continued failure to meaningfully disclose their identity were unfair and deceptive attempts to collect this debt, which materially misled Plaintiff as to who was calling, and which affected and frustrated Plaintiff's ability to intelligently respond to these collection calls.

34. The above-described collection communications made to Plaintiff by Defendants were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692d(6), 1692e, 1692e(5), 1692e(10), and 1692f, amongst others.

*Telephone Consumer Protection Act*

35. At all times relevant to this complaint, Plaintiff was a "person" as defined by the TCPA, 47 U.S.C. § 153(39).

36. At all times relevant to this complaint, Defendants owned, operated, and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C. § 153(16), that originated, routed, and/or terminated telecommunications.

37. Defendants, at all times relevant to the complaint herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C. § 153(50).

38. Defendants, at all times relevant to the complaint herein, engaged in "interstate communications" by the TCPA, 47 U.S.C. § 153(28).

39. At all times relevant to this complaint, Defendants have used, controlled, and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

40. At all times relevant to this complaint, Defendants used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

*Illegal Auto-Dialed Collection Calls in Violation of the TCPA and FDCPA*

41. Within four (4) years immediately preceding the filing of this lawsuit, Defendants have telephoned Plaintiff's cellular phone on numerous occasions in violation of the TCPA.

42. Plaintiff has never consented to receiving auto-dialed calls from Defendants on her cell phone.

43. In fact, Plaintiff explicitly asked that Defendants stop calling her.

44. Without Plaintiff's prior express consent, Defendants repeatedly called Plaintiff on her cell phone using an automatic telephone dialing system in an attempt to collect this alleged debt.

45. All of the calls from Defendants were made to Plaintiff in willful violation of the TCPA and the FDCPA because Defendants never obtained Plaintiff's prior express consent, and had no basis to believe that they had his prior express consent to make such automated dials to her cellular telephone.

46. Defendants have repeatedly and willfully contacted Plaintiff on her cellular telephone, all of which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2), and in violation of the FDCPA and TCPA.

47. Defendants' repeated autodialed collection calls to Plaintiff's cell phone within the last year prior to filing this complaint were illegal attempts to collect this alleged debt in violation of numerous and multiple provisions of the FDCPA.

48. Defendants' repeated autodialed calls to Plaintiff's cell phone within the last four years prior to filing this complaint were illegal and in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

### *Summary*

49. The above-described collection communications made to Plaintiff by Defendants and the collection employees employed by Defendant were made in violation of numerous and multiple provisions of the FDCPA and TCPA, including but not limited to all of the provisions of the FDCPA and TCPA cited herein.

50. Plaintiff has suffered actual damages as a result of Defendants' illegal conduct in the form anger, frustration and upset, amongst other negative emotions.

## *Respondeat Superior Liability*

51. The acts and omissions herein of the individuals employed to collect debts by Defendants and the other debt collectors employed as agents of Defendants who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principals, Defendant CAB, Defendant Everest, Defendant Multisource, Defendant DFA, Defendant C&E and Defendant Maczka.

52. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

53. By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principals, Defendants.

54. Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and TCPA in their attempts to collect this alleged debt from Plaintiff.

## TRIAL BY JURY

55. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq*.

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The foregoing acts and omissions of Defendants and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*., with respect to Plaintiff.

58. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

**47 U.S.C. § 227 *et seq.***

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. Within the four (4) year period immediately preceding this action, Defendants have made numerous calls to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

61. The acts and omissions of Defendants at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

62. As a causally direct and legally proximate result of the above violations of the TCPA, Defendants, at all times material and relevant hereto and as described in this Complaint, caused Plaintiff to sustain damages.

63. Defendants did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call her cellular telephone.

64. Defendants made these calls to Plaintiff's cell phone willfully and after Plaintiff explicitly asked them to stop.

65. Under 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff's cell phone.

66. Defendants willfully and knowingly violated the TCPA, and as such Plaintiff is entitled to $1,500.00 per phone call made to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

67. Plaintiff is entitled to injunctive relief prohibiting Defendants from contacting Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 *et seq*.**

- for an award of actual damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants and for Plaintiff;

**COUNT II.**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 *et seq*.**

- for an award of statutory damages of $500.00 for the first call to Plaintiff's cell phone pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendants and for Plaintiff;

- for an award of treble damages of $3,000.00 pursuant to 47 U.S.C. § 227(b)(3) against Defendants and for Plaintiff, which is $1,500.00 per call for two additional calls to Plaintiff's cell phone after she instructed Defendants to stop calling;

- for an injunction prohibiting Defendants from contacting Plaintiff on her cellular phone using an automated dialing system pursuant to the 47 U.S.C. § 227(b)(3)(a); and

- for such other and further relief as may be just and proper.

    Respectfully submitted,

**BARRY & HELWIG, LLC**

Dated: January 28, 2015

By: s/Patrick J. Helwig
Patrick J. Helwig, Esq.
Attorney I.D.#0391787
2701 University Ave. SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
phelwig@lawpoint.com

**Attorney for Plaintiff**